UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 06-157-KSF
(CIVIL ACTION NO. 09-7094-KSF)

UNITED STATES OF AMERICA,                                      PLAINTIFF,

V.                 MAGISTRATE JUDGE'S
              REPORT AND RECOMMENDATION

GREGORY WAYNE CONNER,                                    DEFENDANT.

Gregory Wayne Conner was tried and convicted of one count of bank robbery, one count of armed bank robbery, and one count of using a firearm during the commission of a crime of violence. [R. 13, 49]. His conviction was affirmed by the Sixth Circuit on appeal. [R. 91]. He brings this action pursuant to 28 U.S.C. § 2255, arguing that his conviction was not supported by sufficient evidence because the United States failed to prove that the banks were FDIC-insured on the dates of the robberies. In addition, he argues that his trial counsel was ineffective for failing to request a downward departure at sentencing, and finally, that appellate counsel was ineffective for failing to file a transcript of the sentencing hearing into the record on appeal. [R. 97, 106]. Having considered Conner's arguments, the Court finds that his motion to vacate, set aside or correct his sentence should be denied.

## I. SUFFICIENCY OF THE EVIDENCE

Conner argues that the government failed to prove that the banks were FDIC-insured on the dates of the robberies. [R. 97]. This failure, he contends, means that there was insufficient evidence to support his conviction. Although he previously raised an insufficient evidence

1

argument on appeal, he did not present the instant claim.  Therefore, the Court finds that the claim is procedurally defaulted. Regardless of the procedural default, the claim fails on its merits as his conviction was supported by sufficient evidence.

i.  PROCEDURAL DEFAULT.

A failure to raise a claim on direct appeal results in procedural default of the claim. Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).  Although Conner unsuccessfully raised a claim of insufficient evidence on appeal, that claim, which is legally and factually distinct from the claim he now brings, centered around his argument that the government failed to prove that the gun used in the robberies was not a fake or toy. [R. 91].  His present claim is that the government failed to prove the banks' FDIC-insured status.  It was not previously presented and has therefore been procedurally defaulted. See Bousley, 523 U.S. at 621. In addition, Conner presents no argument to show cause for his failure to raise the new claim on direct appeal.  Even if Defendant now successfully argued cause and prejudice to excuse his procedural default, See Bousley, 523 U.S. at 622-23, or that he is actually innocent, Murray, supra, at 496, his insufficient evidence argument is simply without merit, and provides him no relief.

ii.  INSUFFICIENT EVIDENCE.

Conner argues that the defect in the United States' proof was its failure to prove that the banks were FDIC-insured on the dates of the robberies.  [R. 97].  However, a review of the record establishes that his conviction is supported by sufficient evidence.

The United States' proof on this issue consisted of Barry Omohundro, branch manager

2

for Community Trust Bank in Winchester, Kentucky, who testified that Community Trust Bank was insured by the Federal Deposit Insurance Corporation. [R. 87, p. 29]. In addition, he authenticated an exact duplicate of the FDIC registration then displayed in the bank certifying that as of January 1, 2003, each depositor was insured to the maximum amount of 100,000. [R. 87, pp. 27-31]. Similarly, Patricia Rogers, security officer and control operations officer for Traditional Bank, testified that the bank was insured by the FDIC [R. 87, p. 74], and authenticated a copy of the certificate of insurance issued by the FDIC dated March 1, 1997. [R. 87, p. 74].

Conner argues that since the witnesses never expressly stated that the banks were FDIC-insured on the dates of the robberies, the proof was insufficient to support his conviction. However, he ignores the fact that circumstantial evidence may support a conviction, Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003). When evidence at trial consists of FDIC certificates and testimony that the banks were FDIC insured on the day of trial, a jury may reasonably infer that the banks were FDIC insured on the dates of the robberies. See United States v. Rowan, 518 F.2d 685, 693 (6th Cir. 1975). In Rowan, the Court addressed the identical issue raised by Conner in this case. A branch manager in Rowan testified that his bank was FDIC-insured on the date of trial, and presented an FDIC certificate which predated the robbery. The Court in Rowan stated that the " . . . jury was allowed reasonably to infer therefrom that the branch was FDIC-insured on the day of the robbery". Id. at 693. In this case, as in Rowan, the jury was allowed reasonably to infer that the banks were insured on the dates of the robberies based on evidence of insured status both before and after the robberies. The banks had been insured prior to the robberies, as evidenced by

3

the FDIC certificates, and in addition, the testimony was that each bank was insured on the date of the robberies. Therefore, the jury reasonably inferred that when the robberies occurred the banks were FDIC-insured, and Conner's claim of insufficient evidence is simply without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL.

In his Reply to the United States' Response to his Motion to Vacate, Conner seeks to amend his motion to vacate so that two new, additional claims of ineffective assistance of counsel might be considered. In this proposed amendment he claims that counsel was constitutionally ineffective in two ways. First, he argues that his trial counsel was ineffective for failing to request a downward departure under U.S.S.G. 4A1.3(b) because his criminal history category overstated the seriousness of his criminal past; and secondly, that appellate counsel was ineffective for failing to file a transcript of the sentencing, preventing appellate review of his claim that the trial judge should have granted a downward departure. However, Conner's amendment containing these two new claims filed on July 23, 2010 [R. 107], was untimely and his new claims are time barred.

i. STATUTE OF LIMITATIONS.

A one year statute of limitations applies to a motion to vacate a sentence filed under 28 U.S.C. § 2255. In this action, Conner was required to file his motion to vacate within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

Conner timely appealed his sentence to the Sixth Circuit Court of Appeals, which rendered a final decision on January 16, 2009. [R. 91]. He filed no petition for certiorari, so his conviction became final ninety (90) days after the entry of the judgment entered by the Court of Appeals on April 16, 2009, the date when the time for filing the certiorari petition expired. Clay

v. United States, 537 U.S. 522, 525 (2003); Sanchez-Castellano, 358 F.3d at 426; Sup.Ct. R. 13. Therefore, the one year statute of limitations to file a motion under § 2255 began on April 17, 2009, and expired on April 19, 2010. Conner's original motion to vacate was timely filed on September 4, 2009 [R. 97], however, his motion for leave to amend and include new arguments was filed on July 23, 2010 [R. 107], nearly three months after the one year statute of limitations. In order to relate back to the date of original filing and avoid being time-barred, an amended habeas petition must assert grounds for relief supported by facts of the same time and type as those in the original motion. Mayle v. Felix, 545 U.S. 644, 650 (2005); see also Howard v. United States, 533 F.3d 472, 476 (6th Cir. 2008). In this action, Conner's original motion asserted that the evidence was insufficient to support a conviction due to the government's failure to prove the banks' FDIC-insured status on the dates of the robberies. [R. 97]. Conner's additional claims that trial counsel was ineffective for failing to request a downward departure under U.S.S.G. 4A1.3(b), and that appellate counsel was also ineffective for failing to file a transcript of the sentencing hearing are different in time and type from those asserted originally. As they were filed outside the limitations period and were not included in his original filing, they do not relate back to the date of his original motion, and are time barred. See Mayle, 545 U.S. at 650. However, even if the Court found them timely filed, they provide him no relief in this matter.

ii. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD.

A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first element, the proper measure of attorney performance is simply

5

reasonableness under prevailing professional norms. Id. at 688. Prejudice occurs where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential....A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. " . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (citing Whiting v Burt, 395 F.3d 602, 617 (6th Cir. 2005)). "The essential question is whether better lawyering would have produced a different result." Ward v. United States, 995 F.2d 1317, 1321 (6th Cir. 1993); accord United States v. Sanchez, 960 F. 2d 610, 612 (6th Cir. 1992). Notwithstanding this outcome determinative focus in Strickland, the Court in Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993), clarified that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Hence, the Lockhart Court instructs reviewing courts to focus on whether counsel's errors have likely undermined the reliability of, and confidence in, the result, i.e., can one confidently say that the trial or proceeding has reached a fair and just result. Id.; accord United States v. Cronic, 466 U.S. 648, 658 (1984); Mallett v.

6

United States, 334 F.3d 491, 497(6th Cir. 2003).

For the reasons discussed below, Conner's argument's that his conviction and adverse ruling on appeal were based upon ineffective assistance of counsel are without merit.

a. TRIAL COUNSEL.

Conner argues that his trial counsel was ineffective at sentencing for failing to request a downward departure. At sentencing, Conner was assigned a category II criminal history, based only upon past violations of court ordered child support obligations. Conner claims that as a result, a category II overstates the seriousness of his criminal history, subjecting him to an unfairly high recommended sentencing range. Therefore, he argues, counsel should have asked for a downward departure. [R. 107, p. 5]. He states that even a one-level reduction in his criminal history would have reduced the guideline range at sentencing from 97 to121 months to 87 to 108 months plus a mandatory minimum of 60 months consecutive sentence for use of the firearm. [R. 107]. However, what Conner fails to acknowledge is that his counsel objected to the criminal history calculation, and asked the Court to disregard his past convictions arising from failure to pay child support. Although counsel did not move for a downward departure, the Court finds no basis for Conner's claim that his counsel was constitutionally ineffective.

> MR. BRATT: Second objection is th criminal history category. Mr. Conner, a the Court will note from looking at the presentence report, was relatively trouble-free up until about three or four years ago. He had an automobile accident that kept him from employment for some time, created a great deal of back pain, which ultimately leads to some drug involvement.
> But for the present purposes, he fell behind on child support issues. He was brought into Powell Circuit Court, and I believe the Powell Circuit Court referred to it as a diversion program: "You have got to get out and work, and you have to pay your child support, and we're going to review this periodically." In Fayett Circuit Court they do a similar thing, but they don't call it a diversion

7

program.

THE COURT: What do they call it?

MR BRATT: I don't think that I ever had it called anything. My client comes in and says, "I missed my review date. Would you go to court with me?"

It's a way of keeping the fathers – for the most part, fathers – aware of their obligation. And the Court can supervise and the Court can impose punishments if they want.

I don't think that it is the sort of supervision of a crime that warrants aiding two criminal history points, as the Probation Office has done, which would put him up in criminal history category 2.

[R. 90, pp. 9-10].

* * *

MR BRATT: Your Honor, I don't really doubt that, I don't doubt that one criminal history point is acceptable. What they are saying is during the diversion period, during this continued obligation to pay child support, he committed a bank robbery; therefore, you add two pints to it to make it three, and that puts him in criminal history category 2.

And if – if– one, I think that's wrong. I think it's more akin to the fine payments that's noted in the application notes, as opposed to supervised release.

But even if the Court wants to say, "I like what the Probation Office people did," I think you should depart down from it because it's not a true reflection of Mr. Conner's past. Criminal history category 1 is certainly more accurate in terms of his past.

[R. 90, p. 13].

Although Conner asserts that counsel was ineffective for not seeking a downward departure. The record reflects that counsel instead argued for a lower criminal history category and, as result, a lower sentence for Conner. When considering whether counsel's representation fell below an objective standard of reasonableness within the meaning of Strickland, the Court must consider whether counsel's strategic decisions were reasonable under all the circumstances. Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000)("the relevant question is not whether counsel's

8

choices were strategic, but whether they were reasonable"). In this case, the record does not show that counsel's representation fell below an objective standard of reasonableness. The decision to argue that the criminal history category was incorrect was a reasonable decision based upon the very arguments that Conner submits in this case. The fact that counsel was unsuccessful on that issue does not make him ineffective or indicate that counsel should have asked for a downward departure. In addition, during counsel's arguments, the Court voiced its understanding that it had discretion to sentence Conner outside the guidelines, to a sentence Conner below the low end of the guideline range. [R. 90]. Obviously, the Court chose not to do so, but not as a result of any error by counsel.

Counsel clearly and strenuously argued for a reduced sentence in Conner's case, based on the grounds he now argues show ineffective assistance of counsel. Simply because counsel chose to argue for recalculation of the criminal history category rather than a downward departure, does not establish deficient performance, but rather a reasonable decision to pursue a particular strategy based upon his knowledge of the facts and an understanding of applicable law.

b. ON APPEAL.

Conner's final claim is that appellate counsel was ineffective for failing to file a copy of the sentencing transcript into the appellate record. Conner believes that had the transcript been filed, the appellate court would have understood that the trial court erred by not granting a downward departure. For the following reasons, this claim is also meritless.

Conner points out that it is his burden to produce some evidence of prejudice resulting from the missing transcript. See Bransford v. Brown, 806 F.2d 83, 86 (6th Cir. 1986). However, as stated by the appellate court, and as reflected in the sentencing transcript, no motion for

9

downward departure was presented to the sentencing court. Even if counsel had moved for a downward departure, the district court's decision to deny such a motion was not reviewable on appeal unless the record on appeal reflected that the district court was not aware of or did not understand its discretion to make a departure. United States v. Puckett, 422 F.3d 340, 345 (6th Cir. 2005)

Appellate counsel's failure to file the transcript of sentencing was not the result of constitutionally ineffective assistance, because no motion for downward departure had been made to the sentencing court, and counsel's failure to raise meritless issues in this action while on appeal will not constitute ineffective assistance. See Thomas v. United States, 951 F.2d 902, 904-05 (8th Cir. 1991). As there was no formal motion for a downward departure, there was no order from which to appeal and, in such a circumstance, no claim of ineffective assistance by appellate counsel for failing to file a transcript of the sentencing hearing.

### III. CONCLUSION

For the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 97] and Motion to Amend [106], be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373,

380 (6th Cir. 1995).

Signed January 27, 2012.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge