UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 06-157-KSF
(Civil Action No. 09-7094-KSF)

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.                                            **OPINION & ORDER**

GREGORY WAYNE CONNER                                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion [DE #97, 106] of Defendant Gregory Wayne Conner, *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on April 6, 2007. Defendant was tried and convicted of one count of bank robbery, one count of armed bank robbery, and one count of using a firearm during the commission of a crime of violence [DE #13, 49]. His conviction was affirmed by the Sixth Circuit on appeal [DE #91].

In his § 2255 motion, Defendant argues that his conviction was not supported by sufficient evidence because the United States failed to prove that the banks were FDIC-insured on the dates of the robberies. Defendant also argues that his trial counsel was ineffective for failing to request a downward departure at sentencing, as well as that his appellate counsel was ineffective for failing to file a transcript of the sentencing hearing into the record on appeal.[1] These motions were referred

---

[1] Defendant's initial § 2255 motion also argued that the five-point enhancement he received for brandishing a firearm in commission of the bank robbery in Count I resulted in a sentence which violated his Sixth Amendment rights [DE #97]. However, he later conceded that this claim is meritless and willfully withdrew the claim from the Court's consideration [DE #106].

to the Magistrate Judge who, on January 27, 2012, issued his Report and Recommendation [DE #109] recommending that Defendant's motion be denied. Specifically, the Magistrate Judge found that Defendant's insufficiency of the evidence claim was procedurally defaulted. Similarly, the Magistrate Judge found that Defendant's ineffective assistance of trial and appellate counsel claims were both barred by the one-year statute of limitations applicable to § 2255 motions. Regardless of the procedural defects of Defendant's claims, the Magistrate Judge analyzed the substance of each claim and found that all three of Defendant's claims also failed on their merits.

No objections were filed to the Magistrate Judge's findings of fact and recommendation, and the time for filing same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a

certificate of appealability will not issue.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE #109] is **ADOPTED** and **INCORPORATED** by reference;

2. The Defendant's Motion to Vacate Under 28 U.S.C. § 2255 [DE #97] and Motion for Leave to Amend [DE #106] are **DENIED** and **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This February 28, 2012.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**